**Sidney W. Worthy, Defendant in Error, v. Edward Hale Bush, Trustee, Plaintiff in Error.**

### Gen. No. 17,269.

APPEALS AND ERRORS—*abstract.* A judgment of the Municipal Court of Chicago may be affirmed where the abstract does not contain a "complete index, alphabetically arranged" and is not "sufficient to fully present every error and exception relied on," as required by Appellate Court Rule 19.

Error to the Municipal Court of Chicago; the HON. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 7, 1912. *Certiorari* denied by Supreme Court (making opinion final).

RICHARD H. PETERSON, for plaintiff in error.

CLARK M. CAVENEE, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the Municipal Court of Chicago, entered in a first-class suit, March 26, 1910, for the sum of $3,715.37, and costs, in favor of defendant in error and against plaintiff in error. This case has previously been before this court on an appeal. On January 6, 1911, the appeal was dismissed for reasons stated in an opinion of this court. Worthy v. Bush, 159 Ill. App. 378. The transcript of the record in the case now before us was filed in this court on January 10, 1911, and what purports to be an abstract of the record was filed by plaintiff in error on February 21, 1911. A motion was made by counsel for defendant in error to strike the bill of exceptions from the files, and on March 9, 1911, this motion was allowed. Worthy v. Bush, 160 Ill. App. 70. The bill of exceptions is, therefore, not before us.

Rule 19 of the Rules of Practice of this court in part provides:

"The abstract shall contain a complete index, alphabetically arranged, giving the page where each paper or exhibit may be found, with the names of the witnesses and the pages of the direct, cross and redirect examinations.

"The abstract must be sufficient to fully present every error and exception relied upon, and it will be taken to be accurate and sufficient for a full understanding of the questions presented for decision unless the opposite party shall file a further abstract, making necessary corrections or additions."

The abstract filed in this case does not comply with the rule and is not sufficient. It does not contain "a complete index, alphabetically arranged," neither is

it "sufficient to fully present every error and exception relied upon."

For lack of compliance with said rule the judgment of the Municipal Court of Chicago will be affirmed.

*Judgment affirmed.*